## Potter, Appellant, v. Fidelity Insurance Trust and Safe Deposit Company (No. 2).

*Trust and trustees—Irrevocable deed of trust—Husband and wife.*

Where a man at a time when he is engaged to be married executes an irrevocable deed of trust in which no provision is made for his future wife, and which he himself cannot revoke, and subsequently marries, the wife during the life of her husband has no standing to have the deed set aside on the ground that it was in fraud of her marital rights.

Argued April 3, 1901. Appeal, No. 43, Jan. T., 1901, by plaintiff, from decree of C. P. No. 4, Phila. Co., June T., 1900, No. 225, dismissing bill in equity in case of Annie R. Potter v. Fidelity Insurance, Trust & Safe Deposit Company and George Van Hook Potter. Before McCollum, C. J., Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for the cancelation of a deed. Willson, J., filed the following opinion:

A very brief review of the facts of this case about which there is no real dispute, will be sufficient to set out the ground of the controversy, and to show the question to be considered.

Annie R. Potter and George Van Hook Potter, the plaintiff and one of the defendants respectively, were married on June 26, 1895. Up to the day of their marriage he was possessed of an estate of considerable amount, in the neighborhood of $75,000, which he had inherited from his father. This was all personal property. Upon the day of the marriage, prior to the ceremony, and without the knowledge or consent of his wife, Mr. Potter executed a deed of trust to the defendant, the Fidelity Insurance, Trust & Safe Deposit Company, of all the said estate in trust to pay the income to himself during his life, "so that the same shall not be assigned or anticipated by him, nor be subject to or liable for the debts, contracts or engagements of the said George Van Hook Potter, and without any liability to execution, attachment, warrant or legal process of any kind." This deed was, according to its express provisions, irrevocable.

It was further provided in the deed that upon the death of the said George Van Hook Potter, the trustee should transfer

the whole of the property of the estate to such persons as he might nominate by his last will and testament, and in default thereof should transfer the same unto the issue of the said George Van Hook Potter, in equal shares, per stirpes, and if no issue were then living to transfer the said property to Mary E. Potter and Blanche Van Hook Potter in equal shares. No provision was made in the deed for the then intended wife of Mr. Potter.

The bill was filed for the purpose of setting aside the said deed on the ground that having been made, as it was, in anticipation of the marriage, it was a fraud upon the marital rights of the plaintiff, and should be declared to be inoperative.

It does not seem to me that the question which is concerned in this case can in any way be affected by the consideration of any other matters than those which arise out of the state of facts which has thus been recited. The question is purely a legal one. There is no doubt that it is well settled that when a woman, in anticipation of an intended marriage, without the knowledge of her intended husband, executes a transfer or conveyance of her property in such a way as to deprive him of all benefit in it, and her of her control over it, such a transaction will be declared to be a legal fraud upon him.

Duncan's Appeal, 43 Pa. 67, was an instance of that character. There a married woman, two days before her marriage, executed a deed of trust, without the knowledge of her intended husband, conveying her property to her half-brothers, in trust, to pay the income to her during life, and to her heirs after death, and in case of her death without issue, then to her half-brothers, etc. After the marriage the husband filed a bill to annul the deed. A decree to that effect was made in the lower court, and it was affirmed in the Supreme Court.

Lowrie, Chief Justice, speaking for the court, said: " Common candor forbids that so important a change in his intended wife's circumstances, and her power over her estate should be made without his consent, and equity sternly condemns it as a fraud upon his just expectations. This principle of equity has stood the test of experience too long to be open to dispute now."

Robinson v. Buck, 71 Pa. 386, is another ruling of a similar character.

There are other cases which can be found in the books in

which the same doctrine is laid down. It undoubtedly, in the first instance, grew out of the more absolute dominion which a husband possessed over his wife's property than exists at the present day, but, as in the case already cited, the doctrine still stands notwithstanding the great enlargement which has come to a woman's rights over her own property, and the greater assimilation in those rights to the dominion which a man can exercise over his own estate. No case, however, has been cited, and we have not been able to find any, in which that doctrine has been applied to the same degree or with the same rigor to the case of a wife asking to have a conveyance made by her husband before marriage, and in anticipation of marriage, set aside.

Baird v. Stearne, 15 Phila. 339, is a case which was tried in this court, in which a man who had once been married, and who had three children, made a deed of trust in favor of himself for life, and the remainder to his children, a few days before he announced his engagement to a lady who subsequently became his wife. After his death, she filed a bill in this court for the purpose of setting the same deed aside so as to enable her to take that interest in her husband's estate which she would have been entitled to if he had died intestate, and that relief was afforded to her. The opinion of the court was written with the customary virility of the former president, Judge THAYER, and the relief which was afforded was based, not upon there being any intentional fraud perpetrated upon his wife, but upon the ground that the deed made under the circumstances narrated was a fraud in law. It will be observed, however, that the relief which was given in that case was given after the death of the husband. The question arises for consideration here whether the plaintiff, Mrs. Potter, is entitled to any other relief than that, or whether she is entitled to have the deed of trust made by her husband set aside and the property which was covered by it replaced in his hands for such uses as he may see fit to make of it. It is, of course, quite apparent that if the possession and control of the property be again vested in him he might the next day execute another deed of like terms, just as he might, in the exercise of the full dominion over his estate, which every man possesses, give it away. See Ellmaker v. Ellmaker, 4 Watts, 91, and Lines v. Lines, 142 Pa. 149.

That may be said with additional force in this case because all the property which was covered by the deed of trust was personal property. It is, however, urged upon the part of the plaintiff, that, while this may be true, she yet had the right, which any wife would possess, of attempting by persuasion and proper influence to induce her husband to make such use of his property as would be for their mutual benefit, and would give to her greater enjoyment than she can presumably derive out of his control over the income of the property which is held by the trustee. It does not seem to me, on reflection, that that sort of influence which a wife might exert over her husband, is a substantial right which ought to be protected by a court of equity. It has a little too much of the element of sentiment and romance in it to bring it within the scope of a solemn court. The thing which the remedy of the law should seek to protect for the wife's benefit is an interest in the property to be enjoyed at the time when the death of the husband might impose upon her circumstances of dependence and need, when the customary support and protection of her husband are removed. To place the full control of an estate of personal property in the hands of a married man, particularly if he were of a spendthrift disposition, might in many cases be a very serious calamity to his wife. Even if he were not a spendthrift, the ordinary risks of business, and the uncertainties of investment would necessarily imperil her ultimate interest in his property. These are considerations which, in a case like the present, are entitled to weight, when the question arises as to whether a wife should be permitted to set aside a deed of trust which her husband has deliberately made, and which, if it continues to operate, will presumably preserve the corpus of the estate during his lifetime. I do not intend by anything which I have just said to intimate that Mr. Potter is a spendthrift, or that he would in any unworthy or unmanly way dispose of his property, if he had it in his control, to the disadvantage of his wife. The case must be treated on general grounds, and with reference to questions which may frequently arise in this class of cases.

I am unable to discover any ground upon which Mrs. Potter can successfully claim that any of her marital rights which need to be protected have been violated, or that she has been in any way defrauded within the meaning of the principles applicable

to the case, by the making of the deed of trust in question, or by its subsequent operation.   Under that deed as it stands, her husband derives the income which accrues from securities belonging to the estate.   That income can be used, and no doubt is, for the comfort and advantage of the plaintiff in due proportion.   As has already been said, if he had the entire corpus of the estate in his possession she could have no legal control over its disposition, and any actual or controlling interest in it could only come to her upon his death; and that, too, only with reference to such portion of the corpus of the estate as might then remain.

This court has already ruled, in the proceeding which was instituted by Mr. Potter himself, that as to him the deed of trust referred to is irrevocable, and I feel constrained to hold in this case that at the present time, and under existing conditions, the plaintiff cannot successfully attack the validity of the deed.

In coming to this conclusion, I, of course, do not intend to decide that the plaintiff would have no right, upon the death of her husband preceding her own death, to ask that the deed of trust should be annuled to the extent of enabling her to take that share of the principal of the estate which would belong to her under the intestate laws, if no such deed of trust had been made.   In my opinion she undoubtedly would have that right, but I think that until that time shall come she has no ground upon which she can successfully attack the validity of the deed in question.   It is therefore my conclusion that the plaintiff's bill must be dismissed with costs.

*Error assigned* was decree dismissing the bill.

*Thomas Leaming*, with him *Arthur W. Depue*, for appellant, cited: Duncan's App., 43 Pa. 67; Robinson v. Buck, 71 Pa. 386; Miskey's App., 107 Pa. 611; Baird v. Stearne, 15 Phila. 339.

*William M. Stewart, Jr.*, for the Fidelity Insurance Trust & Safe Deposit Company.

*Charles H. Burr, Jr.*, for George Van Hook Potter.

OPINION BY MR. JUSTICE FELL, May 13, 1901:
The appellant in this case is the wife of the appellant in

Potter v. Fidelity Company in which the opinion of the court sustaining the trust has been filed. This is an attack upon the same trust from a different point, but with the same object. The decree dismissing the bill is affirmed on the opinion of Judge Willson.